CYRUS S. PHILLIPS, PLAINTIFF IN ERROR, v. THE CITY OF TECUMSEH, DEFENDANT IN ERROR.

1. **License to Sell Intoxicating Liquors.** The authority of the county commissioners to license the sale of intoxicating liquors is confined to those portions of the county lying outside the limits of incorporated towns and cities.

2. ———. Within such towns and cities the proper authorities thereof are invested with exclusive authority over the whole subject, without regard to what is charged by the county commissioners for licenses issued by them.

ERROR from the district court for Johnson county.

*S. P. Davidson,* for plaintiff in error.

*T. Appleget,* for defendant in error.

LAKE, CH. J.

This action was brought in the court below by the plaintiff in error, as county treasurer, to recover damages alleged to have been occasioned by reason of the failure of the town, and city authorities of the city of Tecumseh, to charge and collect for licenses to sell intoxicating liquors, at as high a rate as that fixed by the county commissioners.

It is alleged that the board of commissioners, at their session on the 11th day of February, 1873, ordered " that each and every applicant for a license to sell malt, spirituous and vinous liquors within the county, for the period of one year, should pay    *    *    *    the sum of five hundred dollars." But the corporate authorities, in total disregard of this action of the commissioners, fixed a much lower rate, and issued licenses and made collections therefor accordingly. It is now claimed by the plaintiff that the city is liable for the difference between

the amount actually charged and collected, and that fixed by the board of commissioners.

The case calls for a construction of the act regulating the sale of malt, spirituous and vinous liquors, so far as relates to the jurisdiction of the corporate authorities of a town or city in fixing the amount to be paid for a license to sell intoxicating liquors.

Section 336 of the Revised Statutes (Sec. 572, Gen. Statutes), in general terms, confers authority upon the commissioners of the county to fix the amount to be paid before the license is issued. But, by section 350, Revised Statutes, it is provided that: "All the powers and duties in this chapter devolving upon the county commissioners, shall belong to, and be exercised exclusively by, the proper authorities of any and all incorporated towns or cities of this state, within the incorporated limits thereof, and the authorities of such towns and cities are hereby empowered to make all needful rules, and pass all necessary ordinances, decrees or orders, to carry out the intent of this chapter."

We think it is clear that by this provision the authority of the commissioners is restricted to those portions of the county lying outside the limits of the incorporated towns and cities included therein; and that within such towns and cities the proper authorities thereof are invested with exclusive authority over the whole subject, and may fix the amounts to be paid for licenses within the limits specified in the statute, regardless of what sum is charged by the county commissioners for licenses issued by them.

We are of opinion, therefore, that there is no cause of action stated in the petition, and the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.